UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN WILLIAMS PERKINS, SR.,                                          Plaintiff,

v.                                              CIVIL ACTION NO. 3:19-cv-711-DJH

DR. JOHN YAKOMATOS *et al*.,                                      Defendants.

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is an action brought by *pro se* Plaintiff John Williams Perkins, Sr., pursuant to the Federal Tort Claims Act (FTCA).  This matter is before the Court upon a motion for leave to amend the complaint (Docket No. 12); a motion to dismiss or, in the alternative, a motion for summary judgment by the United States (DN 13); and a cross-motion for summary judgment by Plaintiff (DN 15).

Plaintiff initially filed this action against Dr. John Yakomatos, Melissa Gilbert, Julia Popham, and William Welch.  In his motion for leave to amend the complaint, he states that he would like to "change Defendants to United States only."  Upon consideration, **IT IS HEREBY ORDERED** that Plaintiff's motion (DN 12) is **GRANTED**.  As such, the **Clerk of Court** is **DIRECTED** to **terminate Yakomatos, Gilbert, Popham, and Welch** as parties to this action.

**I.**

Plaintiff makes the following allegations in his motion for leave to amend the complaint (DN 12):

> Location: VA Medical CTR . .  2 Floor Dental on March 16, 2015 [] I reported to VA Police Officer Foster that staff Melissa Gilbert and Dr. Yakoumatos conspired and committed a Heinous Act of Violence, Putting a Spider on the Left Side of Face While Laying Back in the Dental Chair which has scared the Left on my Face permanently.  Not Once But Twice . . . .

*All Treatment Started 9/21/17 To present. Pain and suffering/nightmares can't Trust VA Staff again.  Dr. Popham and Dr. Welch failed to properly treat my Spider Bites . . . so I had to go to the ER for Most of My treatments.

Punitive Money Damages 5 millions U.S. Dollars Tax Exempt.

Plaintiff makes similar, but less detailed allegations, in the amended complaint itself (DN 12-1).

The Court construes Plaintiff's filings as asserting claims under the FTCA for battery, based upon the alleged placement of a spider on Plaintiff's face by two VA medical providers, and for medical malpractice, based upon Plaintiff's allegation that two other VA medical providers failed to properly treat his spider bite(s).

In its motion, the United States seeks dismissal of this action under Fed. R. Civ. P. 4(m) for failure to properly effect service; under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction; under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted; and under Fed. R. Civ. P. 56 for summary judgment as time-barred, for failure to exhaust administrative remedies, and because the United States is entitled to judgment on the merits.

In Plaintiff's cross-motion for summary judgment, he restates the allegations contained in his pleadings and seems to argue that the United States has been properly served and that he has exhausted his administrative remedies.  He attaches, as exhibits to his motion, pictures of a wound, documents that seem to show he served the originally named individual Defendants, complaints he lodged with the White House Department of Veteran Affairs (VA) Hotline, medical records, and a letter from the VA Office of General Counsel denying his administrative tort claim and advising him that he may file suit directly under the FTCA.

For the reasons set forth below, the Court will grant the United States' motion to dismiss Plaintiff's battery claim for lack of subject-matter jurisdiction, grant the United States' motion for summary judgment on the merits of Plaintiff's medical malpractice claim, and deny Plaintiff's motion for summary judgment.

## II.

The Court first turns to the United States' argument that Plaintiff's battery claim must be dismissed pursuant Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990)

It is a well-settled principle that the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Under the FTCA, the United States waives its sovereign immunity, and grants exclusive jurisdiction for

> civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, there is an exception to this waiver, and accordant grant of jurisdiction, for any claim arising out of an assault or battery. § 2680(h) ("The provisions of . . . [28 U.S.C. § 1346(b)] shall not apply to . . . [a]ny claim arising out of assault [or] battery . . ."). In his cross-motion for summary judgment, Plaintiff does not dispute that the United States is

3

entitled to sovereign immunity as to any battery he suffered when VA medical providers allegedly placed a spider on his face during a dental appointment.[1]

As such, the Court will grant the United States' motion to dismiss Plaintiff's battery claim for lack of subject-matter jurisdiction.  *See, e.g.*, *Mackey v. United States*, 247 F. App'x 641 (6th Cir. 2007) (explaining the assault and battery exception to the FTCA); *Hernandez v. United States*, No. 18-11019, 2018 U.S. Dist. LEXIS 210180, at *7-8 (E.D. Mich. Dec. 13, 2018) (holding that the United States was entitled to sovereign immunity as to any assault and battery claim because the intentional torts exception of the FTCA bars recovery for such claims unless committed by law enforcement).

### III.

The Court next turns to the United States' argument that it is entitled to summary judgment on Plaintiff's medical malpractice claim because he has not provided expert evidence in support thereof.

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

---

[1] Kentucky common law civil battery is defined as "any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him[.]"  *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000) (quoting *Sigler v. Ralph*, 417 S.W.2d 239, 241 (1967)).  Contact is unlawful if it is unwanted and there is no consent to it.  *See Andrew v. Begley*, 203 S.W.3d 165, 171 (Ky. Ct. App. 2006).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Liability under the FTCA is determined in accordance with the law of the state where the alleged actionable conduct occurred. *See Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). In this case, the allegedly negligent acts occurred in Kentucky. In order to state a cause of action based on negligence under Kentucky law, a plaintiff must establish: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins.*, 839 S.W.2d 245, 247 (Ky. 1992). In other words, under Kentucky law, a plaintiff alleging medical malpractice must prove that a medical provider failed to adhere to the standard of care of a reasonably competent practitioner in the same medical field and that the medical provider's negligence proximately caused the plaintiff injury. *See Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982). Expert testimony is generally required to show that a medical provider failed to conform to the applicable standard of care and caused the plaintiff's injury. *See Vance*, 90 F.3d

at 1148; *Jarboe v. Harting*, 397 S.W.2d 775, 777-78 (Ky. 1965); *Andrew v. Begley*, 203 S.W.3d at 170 ("To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper.").  An exception to this rule is that no expert testimony is needed in situations "'where the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts.'"  *Vance*, 90 F.3d at 1148 (quoting *Jarboe*, 397 S.W.2d at 778).

In the instant case, Plaintiff has not provided any expert evidence in support of his claim that two VA physicians failed to adhere to the standard of care of a reasonably competent practitioner in the same medical field in their treatment of Plaintiff's spider bite(s).  Nor would a layperson with common knowledge recognize or infer negligence by the two VA physicians based upon Plaintiff's allegations.  Thus, the Court finds that the United States is entitled to summary judgment as a matter of law on Plaintiff's medical malpractice claim.  *See, e.g.*, *Roller v. Dankwa*, No. 17-6201, 2018 U.S. App. LEXIS 16922, at *6-8 (6th Cir. 2018) (affirming grant of summary judgment in favor of United States on a medical malpractice claim brought under the FTCA for the above reasons).

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' motion to dismiss, or in the alternative, for summary judgment (DN 13) is **GRANTED** and that Plaintiff's cross-motion for summary judgment (DN 15) is **DENIED**.

Date:

cc:      Plaintiff, *pro se*
         Counsel of Record
4415.011